J. C. NEWELL, *as County Surveyor of Norton County, et al.*, *v.* AMARIAH DANIELS *et al.*

No. 118.

1. APPELLATE JURISDICTION — *must be shown by record; certificate of trial judge insufficient.* Where the record fails to disclose, and it is not otherwise shown, that the amount or value in controversy, exclusive of costs, exceeds one hundred dollars, this court has no jurisdiction of the action ; and the certificate of the trial judge cannot be considered as establishing the amount.

2. ——— *to establish, amount in controversy less than one hundred dollars, case must belong to excepted class and trial judge must so certify.* To establish jurisdiction under the exceptions mentioned in paragraph 4642, General Statutes of 1889, if the amount is less than one hundred dollars, two things are necessary: *First*, the case must belong to one of the excepted classes ; and, *second*, the trial judge must so certify.

3. ACTION CONCERNING REAL ESTATE — *does not always involve title.* Not every action concerning real estate involves the title thereto.

Error from Norton District Court. Hon. A. C. T. Geiger, Judge. Opinion filed January 4, 1897. *Dismissed.*

506    NEWELL, *Surveyor*, v. DANIELS.

N. Dept.         Opinion.    Gilkeson, P. J.         5 Kan. App.

*J. R. Hamilton*, and *L. H. Wilder*, for plaintiffs in error.

*L. H. Thompson*, and *C. D. Jones*, for defendants in error.

GILKESON, P. J.   We have very carefully examined the record in this case for the express purpose of retaining jurisdiction thereof if possible. Paragraph 4642, General Statutes of 1889, being section 542*a* of the Code, provides :

"No appeal or proceeding in error shall be had or taken to the Supreme Court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars ($100), except in cases involving the tax, or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution, or false imprisonment is declared upon, . . . or the Constitution, laws, or treaties, of the United States, and when the judge of the distict or superior court trying the case involving less than one hundred dollars ($100) shall certify to the Supreme Court that the case is one belonging to the excepted classes."

Under this section we must hold that the amount or value in controversy must be ascertainable from the record, or be proven *aliunde*. In this case it is not ascertainable from the record, nor has it been shown *aliunde*. The certificate of the trial judge cannot fix the amount in controversy, or establish the jurisdiction of this or the Supreme Court. Such certificate is without authority. The only certificate the trial judge can make is where the amount involved is less than one hundred dollars, and then he can only certify that the case comes within one of the excepted classes.

1. Appellate jurisdiction, record must show what.

That brings us to the consideration of the other por-

NEWELL, *Surveyor*, v. DANIELS.    507

Jan. 4, 1897.        Opinion.    Gilkeson, P. J.        W. Div.

tion of the section — as to jurisdiction. "No appeal or proceeding in error shall be had or taken . . . except in cases involving the tax, or revenue laws, or the title to real estate." These exceptions, we think, must be shown to exist by the record, in the same way as value or amount. The language of the section is, "cases involving" these exceptions. This view is strengthened by the other portion of the section :

"And when the judge of the district or superior court, trying the case involving less than one hundred dollars, shall certify to the Supreme Court that the case is one belonging to the excepted classes."

Now, there are two things necessary to bring an excepted case before this, or the Supreme Court for review. It must, *first*, involve one of the exceptions — not that one of the exceptions might be involved, it must be involved ; there must be something in the record to show. *Second*, the trial judge must, in addition thereto, certify that it is involved ; that is, that there was really an issue of that kind in the lower court. We can readily see very potent reasons for thus guarding the record. Under this section, then, both of these things must meet, both exist ; one without the other is unavailing. It was not intended when this statute was passed to place the jurisdiction of the appellate courts at the disposal of the lower courts, which would be virtually done if their certificates were the only thing necessary. Suppose a trial court should make the required certificate in an action of debt ; would it be for a moment contended that, because this debt, when merged into judgment, might be made out of the real estate of the debtor and thus deprive him of his title thereto, the case involved the title to real estate? This is not putting it too strongly.

2. Appellate jurisdiction, what necessary to.

Not every action concerning real estate involves the title thereto. An action to foreclose a mortgage affects, concerns, real estate, but the title to the real estate is not necessarily involved.

**3. Action concerning real estate, title not always involved.**

Nor is it shown by the record in the case at bar that the title to real estate is involved. Nor can we see how it can be. The action is to establish certain quarter-section lines. Now, how does this affect or involve the title of the defendants in error, or any one else, to the quarter-sections they own or claim to own? Their land lies within certain boundaries and contains a certain acreage. Where the lines are can make no difference. The title to the individual quarter is all they claim. Within this parallelogram is the quarter-section the party owns —the same amount of land. Unless the record discloses circumstances that preclude this idea in the case at bar, they do not exist. The proceedings in error will, therefore, be dismissed.